Michael CUNNINGHAM,
Plaintiff–Appellant,

v.

NEW YORK STATE DEPARTMENT OF LABOR, Linda Angello, individually and in her official capacity for the New York State Department of Labor, Mary Hines, individually and in her official capacity for the New York State Department of Labor, and Patricia Rhodes–Hoover, individually and in her official capacity for the New York State Department of Labor, Defendants–Appellees.

No. 08–0992–cv.

United States Court of Appeals,
Second Circuit.

June 10, 2009.

Kenneth G. Varley, Donohue, Sabo, Varley & Huttner, LLP, Albany, NY, for Appellant.

Andrew B. Ayers, Assistant Solicitor General (Andrew M. Cuomo, Attorney General, Barbara D. Underwood, Solicitor

General, and Andrea Oser, Deputy Solicitor General, on the brief), Office of the Attorney General of the State of New York, Albany, NY, for Appellees.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Plaintiff Michael Cunningham, who is an African–American male,[1] is the Director of the Office of Staff and Organizational Development at the New York State Department of Labor ("DOL"), a position he has held since 1988. He appeals from a January 29, 2008 judgment of the District Court following a successful motion for summary judgment filed by his employer, defendant DOL, a former Commissioner of DOL, Linda Angello, a former Deputy Commissioner for Administration, Mary Hines, and a senior attorney in the General Counsel's office, Patricia Rhodes–Hoover (collectively, "defendants").

Plaintiff alleged two sets of claims. First, he alleged that, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), defendants (a) discriminated against him because of his race, (b) retaliated against him because of his complaints, and (c) created a hostile work environment.[2] Second, plaintiff also claimed, pursuant to the Civil

Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983"), that defendants violated plaintiff's constitutional rights to equal protection and free speech.

On January 29, 2008, following the completion of discovery, Judge Hurd held a hearing on defendants' motion for summary judgment. In an oral ruling from the bench, Judge Hurd concluded that, as a matter of law, plaintiff had not suffered any adverse employment action and had failed to produce evidence of a discriminatory animus. Accordingly, Judge Hurd granted defendants' motion for summary judgment. This appeal followed.

We review *de novo* a district court's grant of summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, construing all facts in favor of the non-moving party. *See, e.g., Paneccasio v. Unisource Worldwide, Inc.,* 532 F.3d 101, 107 (2d Cir.2008). Summary judgment is only warranted upon a showing "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

### Title VII Discrimination Claim

█ Plaintiff argues that the District Court erred in dismissing his Title VII employment discrimination claims because he presented sufficient evidence of an ad-

---

1. In his complaint, plaintiff alleged that defendants discriminated against him on the basis of race and sex. However, plaintiff's brief contains only a two-sentence explanation for his sex discrimination claim, and defendants do not address this claim at all. To the extent that plaintiff continues to press his claim of sex discrimination, we affirm summary judgment for defendants.

2. Plaintiff also alleged several claims under state anti-discrimination laws. Claims brought under the Human Rights Laws of New York State, including the sections alleged in this lawsuit, are analytically identical to claims brought under Title VII. *See, e.g.,*

*Petrosino v. Bell Atl.,* 385 F.3d 210, 220 n. 11 (2d Cir.2004); *Torres v. Pisano,* 116 F.3d 625, 629 n. 1 (2d Cir.1997); *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 714–15 & n. 6 (2d Cir.1996). In this case, Judge Hurd had previously dismissed plaintiff's state law claims against DOL, and all claims against the individual defendants in their official capacities, in a memorandum decision and order dated September 12, 2006. *See Cunningham v. N.Y. State Dep't of Labor,* No. 05–cv–1127, 2006 WL 2639372, 2006 U.S. Dist. LEXIS 65227 (N.D.N.Y. Sept. 12, 2006). Plaintiff has not pressed any of these claims on appeal and so we do not consider them.

verse employment action to satisfy his threshold burden as described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (outlining "burden-shifting" in a workplace discrimination claim brought under Title VII). As applied in the employment context, *McDonnell Douglas* requires a plaintiff to produce some evidence showing the *prima facie* elements of a discrimination claim, including adverse employment action, whereupon the "burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for the [adverse employment action]." *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir.2004) (internal quotation marks omitted). If a defendant produces admissible evidence showing legitimate business reasons for terminating plaintiff, "the burden shifts back to the plaintiff to demonstrate by competent evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* (internal quotation marks omitted). Summary judgment is appropriate where "the plaintiff has failed to show that there is evidence that would permit a rational factfinder to infer that the employer's proffered rationale is pretext." *Id.* Of course, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.* (internal quotation marks omitted).

Upon review of the record before us, we conclude that plaintiff has not presented evidence of a cognizable or actionable "adverse employment action," and therefore has not met his threshold burden of showing a *prima facie* Title VII discrimination claim. Plaintiff concedes that adverse employment actions typically involve "discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand," *Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir.1999), but that none of those types of employment decisions are present in the instant case. Instead, plaintiff alleges a litany of actions that, according to plaintiff, constitute adverse employment action when "considered in their totality," Appellant's Br. 39: (1) "unfounded charges of time abuse," *id.* at 40; (2) reassignment from a fifth-floor office to a first-floor office, where plaintiff's staff was located; (3) opposition by Hines to hiring plaintiff's son in a summer job; (4) discontinuing a training conference organized by plaintiff; and (5) excluding plaintiff from a "Welfare–to–Work" conference and from a decision to hire an outside consultant.

As we have previously held, everyday workplace grievances, disappointments, and setbacks do not constitute adverse employment actions within the meaning of Title VII. *See Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (holding that an adverse employment action is, by definition, "more disruptive than a mere inconvenience or an alteration of job responsibilities" (internal quotation marks omitted)). Instead, an actionable or cognizable adverse employment action is "a materially significant disadvantage with respect to the terms of [plaintiff's] employment." *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 128 (2d Cir.2004) (internal quotation marks omitted), such as "*termination* of employment, a *demotion* . . ., a less distinguished title, a *material loss* of benefits, *significantly* diminished *material* responsibilities, or other indices . . . unique to a particular situation," *Galabya*, 202 F.3d at 640 (emphases added, internal quotation marks omitted). In this case, plaintiffs allegations are—each and together—nothing more than everyday workplace grievances. Because plaintiff's allegations do not, as a matter of law, amount to a materially adverse change in the terms or conditions of his employment, we affirm summary judgment in favor of

defendants on the Title VII discrimination claims.

## Title VII Hostile Work Environment Claim

In order to prove that a workplace is actionably "hostile" under Title VII, a plaintiff must demonstrate that (1) he "*subjectively* perceive[d] the environment to be abusive;" (2) the conduct alleged *objectively* created "an environment that a reasonable person would find hostile or abusive;" and (3) that the "work environment [was] abusive to employees *because of* their race, gender, religion, or national origin." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (emphasis added); *see also Patterson*, 375 F.3d at 227 (requiring "a plaintiff [to] produce evidence that the workplace was permeated with discriminatory intimidation, ridicule, and insult, that was sufficiently severe or pervasive to alter the conditions of the victim's employment" (internal quotation marks and brackets omitted)).

 In the instant case, plaintiff has not pointed to any record evidence that would permit a reasonable fact-finder to conclude that defendants' actions—consisting of reassigning plaintiff's office, etc.—suggest hostility toward plaintiff "because of [his] race," *Harris*, 510 U.S. at 22, 114 S.Ct. 367, nor has he shown that the workplace was "permeated with discriminatory intimidation, ridicule, and insult," *Patterson*, 375 F.3d at 227. The only evidence on the record sufficient to establish an inference of racial animus comes from plaintiff himself. In response to an investigation of plaintiff for sexual harassment—which was initiated after plaintiff sent a lewd cartoon to a colleague—plaintiff alleged in an written memorandum dated December 13, 2000 that the investigation "is merely a high tech lynching." J.A. 455. However, plaintiff's interjection of race into the record cannot create a triable issue of fact

regarding hostility in his work environment. Accordingly, we affirm summary judgment for defendants on the Title VII hostile work environment claim.

## Equal Protection Claim

Plaintiff has also alleged that the individual defendants, acting under color of law, deprived him of his constitutional right to equal protection. Because the analytical framework of a workplace equal protection claims parallels that of a discrimination claim under Title VII, *see Feingold v. New York*, 366 F.3d 138, 159 (2d Cir.2004) (assessing an equal protection claim regarding workplace discrimination under the same framework), we conclude that plaintiff's equal protection claim must also fail for substantially the reasons stated above.

## Retaliation Claims

Plaintiff has also alleged that defendants retaliated against him in violation of Title VII and his First Amendment right to free speech after plaintiff complained about workplace discrimination, minority hiring practices, and a prayer breakfast. The District Court granted summary judgment for defendants on the retaliation claims because, in the District Court's view, plaintiff had not demonstrated any actionable adverse employment action in his retaliation claims. In reaching this conclusion, the District Court did not distinguish between the different standards for showing an "adverse employment action" that apply to discrimination and retaliation claims.

As explained above, a plaintiff alleging discrimination in violation of Title VII must show that his employer's actions were "materially significant disadvantage[s] with respect to the terms of [plaintiff's] employment." *Williams*, 368 F.3d at 128 (internal quotation marks omitted). In a retaliation claim, "[w]hether a particular reassignment is materially adverse de-

pends upon the circumstances of the particular case, and should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 71, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (internal quotation marks omitted). As we have previously described the matter, a retaliation plaintiff must "present[ ] evidence sufficient to create a genuine triable issue as to whether the reassignment to which he was subjected could well have dissuaded a reasonable employee in his position from complaining of unlawful discrimination." *Kessler v. Westchester County Dep't of Soc. Servs.,* 461 F.3d 199, 209 (2d Cir.2006).

In the instant case, the District Court appears to have applied a *discrimination* standard to plaintiff's *retaliation* claims. In light of this error, we vacate summary judgment for defendants on the retaliation claims and remand for further proceedings so that the District Court may consider in the first instance the application of *Burlington Northern & Santa Fe Railway Co.*[3]

\* \* \*

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the District Court in all respects except regarding plaintiff's two retaliation claims. We **VACATE** the judgement of the District Court as to the retaliation claims and **REMAND** for fur-

ther proceedings consistent with this Order.

---

3. On remand, the District Court should consider whether—under the *McDonnell Douglas* burden—shifting apparatus-plaintiff has come forward with evidence showing that defendants' legitimate business reasons were pretext, a requirement for his Title VII retaliation claim to survive defendants' motion for summary judgment. The District Court should also consider whether plaintiff's First Amendment retaliation claim is precluded by the Supreme Court's decision in *Garcetti v. Ceballos,* 547 U.S. 410, 126 S.Ct. 1951, 1960, 164

L.Ed.2d 689 (2006) (holding that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes").

